IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02560-MSK-MEH, *consolidated with*
Civil Action No. 12-cv-02137-MSK-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

WENDY CABRERA,

    Intervenor Plaintiff,

v.

THE ORIGINAL HONEYBAKED HAM COMPANY OF GEORGIA, INC.,

    Defendant.

---

**ORDER ON DEFENDANT'S EMERGENCY MOTION
FOR PROTECTIVE ORDER REGARDING THE DEPOSITIONS OF TIMOTHY
FRANKLIN, RAY OLSON, DON WELCH AND LONG ARMSTRONG,
and
DEFENDANT'S PARTIAL MOTION TO QUASH SUBPOENA
AND FOR PROTECTIVE ORDER (GEORGIA SUBPOENA)**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Defendant has filed an Emergency Motion for Protective Order Regarding the Depositions of Timothy Franklin, Ray Olson, Don Welch and Long Armstrong [No. 11-cv-2560, filed August 14, 2012; docket #146]. The motion is referred to this Court for disposition. (Docket #147.) Defendant also filed, in the Northern District of Georgia, its Partial Motion to Quash Subpoena and for Protective Order, or for Remission of Jurisdiction to the District of Colorado [No. 12-cv-2137, filed July 3, 2012, docket #3]. This has also been referred. (Docket #8). The matters are fully briefed, and oral argument would not assist the Court in its adjudication of the motions. For the reasons that follow, the Court **denies** the Emergency Motion for Protective Order as moot, and

**grants in part** and **denies in part** the Partial Motion to Quash Subpoena.

I.   **Background**

Plaintiff Equal Employment Opportunity Commission (EEOC) brings claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, alleging Defendant subjected a class of female employees to sexual harassment, and retaliated against such employees when they complained about the harassment. Docket #6 at 1. On November 20, 2011, this Court granted Wendy Cabrera leave to intervene in this action. Docket #9. Defendant responded to both the Amended Complaint and the Intervenor Complaint by filing Answers on January 6, 2012. Discovery commenced with the Scheduling Order issued December 20, 2011 and is set to conclude October 31, 2012.

In the present Emergency Motion for Protective Order, the EEOC and Defendant could not agree on the appropriateness of the EEOC deposing the four individuals identified in the caption of the pending motion. Therefore, on the evening of August 9, 2012, the EEOC unilaterally noticed the depositions for August 15-17, 2012. Defendant filed this motion on August 14, 2012, alleging not only procedural defects in the notices of deposition but also challenging the fundamental basis for permitting the depositions to occur. Both parties submit arguments concerning the relevance of the testimony of the four proposed deponents.

In the present Partial Motion to Quash, the EEOC subpoenaed third-party InfoMart, a Georgia corporation, in the Northern District of Georgia. InfoMart performed background checks for Defendant's employees. The EEOC sought the results of such checks for various current and former employees, including complainants as well as company witnesses. Defendant properly moved to quash the subpoenas in the Northern District of Georgia, and at the alternative suggestion of both parties, that District remitted the matter to this District for decision. The background checks

at issue (Defendant did not object to all responsive documents associated with its potential witnesses) concern the same four individuals whose depositions are requested as noted above, along with three human resources employees, Michael Costello, Ami Huff, and Molly Kesmodel.

**II.     Analysis**

Defendant objects on the ground that none of the four proposed deponents has sufficiently relevant testimony to justify the expense and inconvenience of a deposition. Defendant also objects to the background checks on relevance grounds. The Court broadly construes relevancy, and a request for discovery should be considered relevant if it is possible that the information sought may be relevant to the claim or defense of any party. *Bonanno v. Quizno's Franchise Co.*, 255 F.R.D. 550, 552 (D. Colo. 2009). When the requested information appears to be relevant, the party objecting to the discovery has the burden to establish the information is irrelevant by demonstrating the information does not come within the scope of relevance as defined by Fed. R. Civ. P. 26(b)(1), or is of such marginal relevance that the harm in producing the information outweighs the presumption in favor of broad disclosure. *Id.*; *see also Simpson v. Univ. of Colorado*, 220 F.R.D. 354, 359 (D. Colo. 2004). "Conversely, when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003); *see also Bonnano*, 255 F.R.D. at 553.

      A.     <u>Motion for Protective Order re: Depositions</u>

Defendant addresses the procedural defects in the notices of deposition. First, three of the four deponents are no longer employed by Defendant and are not represented by Defendant's attorneys; therefore, a subpoena is necessary. Second, the EEOC did not permit sufficient time between the notice and the requested deposition dates, allowing only 7-8 days for the depositions

while this District's Local Rules require a minimum of 14 days. The EEOC does not deny this, but argues that Defendant should have conferred under Local Rule 7.1(A) prior to filing the Emergency Motion, in which case the EEOC would presumably have changed the dates.

As for adherence to the rules governing litigation, neither side is without fault. First, all of the Magistrate Judges in this District encourage a telephone call from the parties to address discovery disputes (indeed, several Magistrate Judges require such a call as a prerequisite to the filing of any discovery motion). The present dispute would have been very appropriate for a telephone conference to discuss the issue. Both parties appear at fault in this regard.

Second, it is clear from the record that the EEOC knowingly violated the Local Rules in giving only seven or eight days' notice for the depositions. D.C.COLO.LCivR 30.1(A). The EEOC did this because it knew, and even intended, that the Defendant would file a motion for protective order. The EEOC also admits that it must subpoena the three non-employees and deliberately did not do so, ostensibly because both a notice of deposition and a subpoena would be automatically stayed by the filing of a motion for protective order.[1] A tactical decision to violate the local rules is a risky proposition fraught with the potential for sanctions. I also do not understand how the EEOC uses the Federal Rules of Civil Procedure so casually and, yet, did not seek a low cost, efficient means of resolving discovery disputes by telephoning the Magistrate Judge.

Third, Defendant did not confer with the EEOC as required by Local Rule 7.1(A) prior to filing the Emergency Motion. Although I agree with Defendant that the EEOC was fully aware of the issue and had no intention of backing down from demanding these depositions, Defendant does not make a very strong argument about procedural defects when it did not warn the EEOC about

---

[1] In the future, neither party need denominate a motion for protective order as an "emergency" motion, as Defendant did here, because, under D.C.COLO.LCivR 30.2(A), the singular act of filing the motion "shall stay the discovery to which the motion is directed until further order of the court."

4

them prior to filing the Emergency Motion. One of the purposes of the duty to confer is to allow the opposing party to correct a violation of the Federal Rules prior to airing the dispute to the Court. It seems to me that both pots are calling the kettles black. For this reason, I do not believe fees are warranted here despite the deliberate violation of the local rules.

Defendant's motion sought a protective order precluding the EEOC from taking the depositions on August 16, 2012 and August 17, 2012. Emergency Motion for Protective Order, at 1. Because the notices are defective, Defendant's motion for protective order is supported, but the dates of deposition are long passed and, therefore, the motion is denied as moot.

In the event the EEOC still seeks the depositions of the four named individuals, I agree with the EEOC's position concerning Long Armstrong and do not believe Defendant's request to delay his deposition until after the pending motion to dismiss is filed is consistent with Judge Krieger's judicial philosophy. I agree with Defendant's position as to Don Welch and Ray Olson, because under my prior ruling limiting the scope of relevant discovery in this case to those persons identified by the EEOC as of April 30, 2012, Welch and Olson stand simply as store managers within the same district (a geographical definition used by Defendant) as the store in which Ms. Cabrera worked. This connection seems to me to be "of such marginal relevance that the harm in producing the information outweighs the presumption in favor of broad disclosure," *supra*. The EEOC has deposed other witnesses who could provide the same basic background information as these individuals. Finally, as to Tim Franklin, although I agree with Defendant that Mr. Franklin's general understanding of Defendant's business practices would make his deposition cumulative, his potential knowledge, as district manager, of claims of harassment within his district and his potential involvement in or knowledge of facts concerning retaliation (as alleged by the EEOC) tip the scales slightly in favor of discoverability. His deposition should be limited to those two topics (knowledge

of complaints and questions concerning retaliation).

    B.    <u>Motion to Quash re: Background Checks</u>

The EEOC subpoenaed human resource professionals Michael Costello, Ami Huff and Molly Kesmodel. After reviewing the briefing and my prior orders, I find that while Michael Costello's background check falls marginally within the scope of permissible discovery, Ms. Huff's and Ms. Kesmodel's do not. I find insufficient allegations surrounding these latter two individuals to justify the intrusive nature of the EEOC obtaining their background checks. Further, as my analysis establishes above, the background checks of Welch and Olson likewise are not sufficiently relevant to justify production. A background check of Armstrong is justifiable, but Defendant represents that it has already produced his. Finally, with regard to Franklin, although I am permitting his deposition on limited grounds, I do not believe he falls within the zone of accused persons sufficient to require production of his background check.

    C.    <u>Order Governing Future Discovery Disputes</u>

Finally, for the remainder of this case, I will require that, as a prerequisite to the filing of any discovery motion, the parties contact my chambers for a telephone conference to discuss the issue. Any motion filed in violation of this Order will be stricken.

**III.    Conclusion**

Accordingly, the Court **denies** the Emergency Motion for Protective Order Regarding the Depositions of Timothy Franklin, Ray Olson, Don Welch and Long Armstrong [<u>filed August 14, 2012; docket #146</u>] as moot. Further, the Court **grants in part** (as to Huff, Kesmodel, Welch, Olson and Franklin) and **denies in part** (Costello and, as moot, Armstrong) Defendant's Partial Motion to Quash Subpoena and for Protective Order, or for Remission of Jurisdiction to the District of Colorado [No. 12-cv-2137, <u>filed July 3, 2012, docket #3</u>].

7

Dated at Denver, Colorado, this 27th day of September, 2012.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge